[Crim. No. 8490. Fourth Dist., Div. One. Nov. 22, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH RAY HANEY, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Harold F. Tyvoll for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Alan S. Meth and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STANIFORTH, J.**—Defendant Kenneth Ray Haney was convicted by jury of false imprisonment, a felony (Pen. Code, §§ 236, 237), and simple assault (Pen. Code, § 240) as a lesser included offense of assault with a deadly weapon or with force likely to produce great bodily harm (Pen. Code, § 245, subd. (a)). He was sentenced to prison on the false imprisonment charge.

Haney contends his conviction of false imprisonment must be reduced to a misdemeanor because the trial court failed to instruct the jury on the elements of violence, menace, fraud, or deceit necessary to

establish the felony offense of false imprisonment. The People concede the recital of his prior conviction must be stricken from the abstract of judgment because the trial court did not mention it in pronouncing judgment. (*People* v. *Hartsell,* 34 Cal.App.3d 8, 12-15 [109 Cal.Rptr. 627].)

On May 28, 1976, 80-year-old Robert Whitson, Sr., was driving his car from the Sears parking lot when two black men jumped into the car, one in front and the other in back, and ordered him to drive off. When Whitson refused, the man in front hit him in the face several times, hitting his glasses and breaking his nose. Although Whitson kept his foot on the brake, the man in front stepped on the throttle. Whitson was struck a third time and was prevented from honking the horn. In addition the man in the back tried to choke him.

Whitson blacked out during the ordeal but finally drove the car onto the sidewalk some 50 feet down Cleveland Avenue, bringing it to a stop against a wall. The two men then jumped out and ran down the street. Eventually Haney was found hiding behind a bush at a residence.

Haney was tried by the jury on two charges: assaulting a person with force likely to produce great bodily injury in violation of Penal Code section 245, subdivision (a), and "unlawfully violating the personal liberty of another by violence, menace, fraud, and deceit, in violation of Penal Code sections 236/237." The court read the charges to the jury at the beginning of trial, but at the end the court instructed the jury only that the crime of false imprisonment "is a violation of the personal liberty of another." No instructions covering the facts which would make the crime punishable as a felony under section 237 were requested or given, nor was any special verdict form covering that aspect of the charged offense submitted to the jury.

Penal Code section 236 defines false imprisonment as: ". . . the unlawful violation of the personal liberty of another."

Penal Code section 237 provides: "False imprisonment is punishable by fine not exceeding five hundred dollars ($500), or by imprisonment in the county jail not more than one year, or by both. If such false imprisonment be effected by violence, menace, fraud, or deceit, it shall be punishable by imprisonment in the state prison."

The People concede the trial court did not instruct as to the law applicable to raise the crime defined in section 236 to a felony under

section 237. However, they contend the jury was told before the trial the charge was false imprisonment by violence, fraud, menace and deceit. They argue there was no need to instruct the jury as to the meaning of these terms. Secondly, they contend in view of "overwhelming evidence of appellant's guilt" he suffered no prejudice by the failure to instruct. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

The trial court has the duty to instruct *sua sponte* on all elements of the case submitted to the jury to "the extent necessary to enable them to perform and function in conformity with applicable law." (*People* v. *Putnam,* 20 Cal.2d 885, 890, 891 [129 P.2d 367].) (■ *People* v. *Iverson,* 26 Cal.App.3d 598, 604, 605 [102 Cal.Rptr. 913], succinctly states the rules concerning the duty of the trial court: "It is settled that in criminal cases, even when not requested, the court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the evidence adduced before the court which are necessary for the jury's proper consideration of the case. [Citations.] At a minimum, it is the court's duty to ensure the jury is adequately instructed on the law governing all elements of the case submitted to it to the extent necessary for a proper determination in conformity with the applicable law. [Citation.]"

■ Whether Penal Code section 237 is regarded as an element of the crime of false imprisonment, a felony, or merely as an enhancement of punishment section (akin to Pen. Code, § 12022.5), the defendant is entitled, as a matter of right, to a jury trial on the factual issues requisite to a felony false imprisonment verdict. (*People* v. *Najera,* 8 Cal.3d 504, 509, 510 [105 Cal.Rptr. 345, 503 P.2d 1353].) The excuse offered by the People for this gross lack of instruction, i.e., the reading of the charges to the jury at the outset of the proceedings cured such lack, is not supported by any authority submitted. Reason or logic do not justify such omission.

People assert the overwhelming factual evidence of Haney's guilt excuses lack of proper instructions as to the applicable law and therefore only "nonreversible error" was committed. (*People* v. *Watson, supra,* 46 Cal.2d 818.) This reasoning leads, if followed to its logical conclusion, to the abandonment of all instructions. The jury here was left totally in the dark as to the nature of the intent required, the nature of the acts required to convict either of felony or misdemeanor false imprisonment. This is not due process. We conclude the trial court erred in not giving *sua sponte* those general principles of law which were necessary for the

jury's proper consideration of the case. (*People* v. *Wilson,* 66 Cal.2d 749, 759 [59 Cal.Rptr. 156, 427 P.2d 820].)

█ Instructions essential to the jury's proper evaluation of the facts before them would encompass the following: The crime of false imprisonment, whether misdemeanor or felony, requires for its commission some intended confinement or restraint of the person. It is not necessary there be confinement in jail or prison. Any exercise of force or express or implied threat of force by which in fact the person is restrained from his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is such imprisonment. The imprisonment may be committed by acts or words merely operating on the will of the individual and/or by personal violence. The acts must be done, the words must be said, with the intent of causing the confinement. (*People* v. *Agnew,* 16 Cal.2d 655, 659, 660 [107 P.2d 601]; *People* v. *Zilbauer,* 44 Cal.2d 43, 51 [279 P.2d 534].)

█ If the imprisonment is effected without the use of violence, menace, fraud or deceit, it is a misdemeanor. The presence of one or more of these elements elevates the false imprisonment to a felony. The primary element of the offense, the unlawful restraint of another's liberty, does not require one or more of those elements necessary to raise the crime to felony status. All that is necessary to make out a charge of false imprisonment, a misdemeanor, is that "the individual be restrained of his liberty without any sufficient complaint or authority therefor, and it may be accomplished by words or acts [together with the requisite intent to confine] which such individual fears to disregard." (*Ware* v. *Dunn,* 80 Cal.App.2d 936, 943 [183 P.2d 128]; *People* v. *Henderson,* 19 Cal.3d 86, 94 [137 Cal.Rptr. 1, 560 P.2d 1180].) To raise the offense to a felony, violence or menace, which may or may not be life endangering, or fraud or deceit, which presents no present significant danger to the victim, must be established. (*People* v. *Henderson, supra,* 19 Cal.3d 86, 94.)

The court's failure to instruct on these essential facets of the crime charged is prejudicial in nature and requires reversal of the felony false imprisonment charge.

The People rely on *People* v. *Sedeno,* 10 Cal.3d 703, 720-721 [112 Cal.Rptr. 1, 518 P.2d 913], to fill the patent gap in the instructions given. *Sedeno* is not in point. Sedeno was charged with murder. The trial court failed to give, *sua sponte,* instructions as to the lesser included offense of involuntary manslaughter. Said the court: ". . . the jury necessarily

rejected defendant's evidence that his diminished capacity negated intent to kill when it found the shooting to be first degree rather than second degree murder." (*People* v. *Sedeno, supra,* 10 Cal.3d 703, 721.)

The Attorney General would turn *Sedeno* factually on its head. *Sedeno* does not hold that an instruction on a lesser included offense of involuntary manslaughter will suffice as instructions where first degree murder is the charge. The reverse is the correct holding of *Sedeno.*

Moreover, the reasoning of *Sedeno* is not useable by analogy. Here the jury was instructed as to simple assault as a lesser included offense of assault with a deadly weapon and assault with force likely to produce great bodily harm. It was not instructed in the statutory language or any other language as to the elements of either the felony false imprisonment or the misdemeanor false imprisonment. The instructions given as to the intent required to commit the crime of false imprisonment was erroneous.

Felony false imprisonment requires 'for its commission "violence, menace, fraud, or deceit." (Pen. Code, § 237.) The jury in finding Haney guilty of misdemeanor simple assault, "an unlawful attempt coupled with a present ability to commit a wrongful act by means of physical force upon the person of another," *did not* "necessarily resolve[d], although in a different setting, the same factual question that would have been presented by the missing instruction." (*People* v. *Sedeno, supra,* 10 Cal.3d 703, 720.)

The judgment upon conviction of misdemeanor assault is affirmed; the judgment upon conviction of felony false imprisonment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 19, 1978.