999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Leo BENJAMIN, Defendant-Appellant.
 No. 92-10455.
 United States Court of Appeals, Ninth Circuit.
 July 23, 1993.
 
 1
 Before BROWNING and CANBY, Circuit Judges, and KELLEHER* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Johnny Leo Benjamin appeals his sentence following his guilty pleas to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and to one count of credit union robbery and of aiding and abetting credit union robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). He contends that the district court erred in sentencing him as a career offender under section 4B1.1 of the Sentencing Guidelines. The question presented is whether a felony sexual battery under California law is a "crime of violence" for the purpose of section 4B1.1. We remand for resentencing to enable the district court to identify and consider the charged conduct of the prior offense.
 
 
 4
 * Undisputed findings contained in the presentence report (PSR) are the only source in the record before us of facts concerning Benjamin's prior criminal history. Benjamin is a convicted murderer. While on parole for murder, he was arrested and pled guilty in 1990 to a charge of sexual battery. He received three years probation for that offense. The robberies giving rise to the sentence now on appeal occurred in 1991.
 
 
 5
 The PSR recommended that Benjamin be sentenced as a career offender on the basis of his prior state convictions. The government agreed with that recommendation in its sentencing memorandum. Benjamin objected to the recommendation in writing on the sole ground that sexual battery is not a "crime of violence" within the meaning of section 4B1.1(3).
 
 
 6
 The district court had jurisdiction under 18 U.S.C. § 3231. The court rejected Benjamin's argument and sentenced him as a career offender. Benjamin received a prison term that was 39 months longer than he would have received without the career offender provision.[1] Benjamin appealed his sentence, and we have jurisdiction under 18 U.S.C. § 3742(a)(1)-(2).
 
 II
 
 7
 The district court's determination that the felony of sexual battery in California is a crime of violence under the Guidelines is a legal ruling that we review de novo. See United States v. Robinson, 967 F.2d 287, 293 (9th Cir.1992).
 
 
 8
 Section 4B1.1 provides that "[a] defendant is a career offender if ... (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[2] Section 4B1.2, as amended prior to the dates of the robberies,[3] defines "crime of violence" to include a state law felony that
 
 
 9
 (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
 
 
 10
 (ii) ... otherwise involves conduct that presents a serious potential risk of physical injury to another.
 
 
 11
 The commentary states that the term "crime of violence" includes "forcible sex offenses." U.S.S.G. § 4B1.2, comment. (n. 2).
 
 
 12
 Felony sexual battery under California law is a "forcible sex offense," and thus a "crime of violence," if either of the conditions articulated in section 4B1.2 are met. See United States v. Young, 990 F.2d 469, 471-72 (9th Cir.1993). "The latter inquiry, however, must be limited to the conduct charged ... in the count of the indictment or information for which the defendant was convicted." Id.; see also U.S.S.G. § 4B1.2, comment (n. 2) (clarifying that conduct inquiry limited to those facts "expressly charged" in the count of conviction).
 
 
 13
 * The California sexual battery statute brands as a felony two forms of conduct involving non-institutionalized victims.[4] The first, described in Penal Code section 243.4(a), takes place when a defendant touches "an intimate part" of a victim without that victim's consent. The second, described in section 243.4(c), occurs when a defendant "causes" a victim to masturbate or to touch the defendant or an accomplice without that victim's consent. The two types of felony sexual battery contain common elements. For example, the statute imposes felony liability only if either the defendant or an accomplice unlawfully restrained the victim during the sexual battery. See Cal.Penal Code § 243.4(a), (c) (West 1988).
 
 
 14
 Benjamin asserts that neither the "touching" nor the "unlawful restraint" elements categorically define sexual battery as a violent crime. He stresses the ambiguous nature of the statute, citing legislative history and court decisions that vaguely peg the severity of the crime somewhere between rape and simple assault or battery. See, e.g., People v. Arnold, 7 Cal.Rptr.2d 833, 836 (Ct.App.1992) (discussing views of legislative sponsor); People v. Pahl, 277 Cal.Rptr. 656, 663 (Ct.App.1991) ("unlawful restraint" in statute means "something more than the exertion of physical effort required to commit the prohibited sexual act"). The government responds that each element denotes physical force or the serious risk of physical injury to a victim.
 
 
 15
 We agree with Benjamin. After its decision in Pahl, the California Court of Appeal ruled explicitly that unlawful restraint need not be physical. People v. Grant, 10 Cal.Rptr.2d 828, 832 (Ct.App.1992). There the court observed:
 
 
 16
 There are many situations where one is compelled, i.e., forced, to do something against one's will but the compulsion does not involve personal violence or threats of personal violence. This is especially true when the person involved in the compulsion is an authority figure or posing as a person in authority. The force is a psychological force compelling the victim to comply with the orders of the authority figure.
 
 
 17
 Id. at 833; see also Arnold, 7 Cal.Rptr.2d at 840 (indicating that a "coercive atmosphere" can form the basis for a jury finding of unlawful restraint).
 
 
 18
 The unlawful restraint element, without more, is no basis for a categorical determination that felony sexual battery is a violent crime under U.S.S.G. section 4B1.2. Because one may be convicted for psychological as well as physical intimidation, the federal sentencing court is required to determine whether the charged conduct included an allegation of physical restraint. See Young, 990 F.2d at 472.
 
 
 19
 The court in Pahl speculated that confusion regarding the scope of "unlawful restraint" existed because "the essence of the [sexual battery] offense is seen as the touching." Pahl, 277 Cal.Rptr. at 662 n. 4. The government argues that the "touching" defined in Penal Code section 243.4(a), i.e., the touching of a victim by the defendant, is an element involving physical force. The government contends that the crime of simple battery, which involves "the unlawful use of force or violence," is a lesser included offense of sexual battery.[5] In the alternative, the government argues that the touching element of section 243.4(a), standing alone, categorically implicates physical force.
 
 
 20
 However, the argument falters on a lack of evidence in the record with which to tie Benjamin's charged conduct to the statute. Neither the state information nor judgment of conviction were included in the district court record.[6] Therefore, it is unclear whether Benjamin's sexual battery conviction rests upon his touching of a victim, or upon his forcing a victim to masturbate or to touch him.
 
 
 21
 The complete absence of threatened or actual physical force in a sexual battery may be a rare occurrence. It is, however, conceptually possible under the framework of section 243.4(c). Because the record fails to disclose the charged conduct upon which Benjamin's sexual battery conviction rests, it is impossible for us to determine which type of felony conviction is involved. On this record the statutory definition of felony sexual battery provides no basis for a categorical determination that the offense is a violent crime under U.S.S.G. section 4B1.2. Cf. United States v. Potter, 895 F.2d 1231, 1238 (9th Cir.) (courts should obtain judgments of convictions or similarly probative material before deciding whether a defendant has previously been convicted of "violent felonies" under 18 U.S.C. § 924(e)(1)), cert. denied, 497 U.S. 1008 (1990).
 
 B
 
 22
 We decline the government's invitation to examine the underlying facts of the battery which are described in the PSR. Although Benjamin raised no objection to that description, the PSR is not a proper source from which to determine the charged conduct upon which Benjamin's sexual battery conviction rests. Cf. Potter, 895 F.2d at 1238 (involving § 924(e)(1)).
 
 
 23
 The PSR description makes no distinction between charged and uncharged conduct. Furthermore, we cannot tell from it whether that conduct, if charged, was averred in conjunction with the sexual battery charge for which Benjamin was convicted, or for more serious charges which the PSR reports were dropped. Because a sentencing court "is not free to make a wideranging inquiry into the specific circumstances surrounding a conviction," Young, 990 F.2d at 472 (quotation and citation omitted), the charged conduct inquiry requires something more.
 
 
 24
 We cannot determine from the sexual battery statute itself that the charged conduct necessarily presented a serious potential risk of physical injury to another. Unlike the statute at issue in United States v. Lonczak, No. 90-50003, slip op. 4593, 4598 (9th Cir. May 10, 1993), sexual battery may involve no more than psychological intimidation, Grant, 10 Cal.Rptr.2d at 832, to cause the victim to touch the perpetrator. See § 243.4(c). Here, we have a suggestion that sexual battery is somewhat like rape, see Pahl, 277 Cal.Rptr. at 662-63, but lack reliable information on the record before us to define the character of Benjamin's sexual battery with sufficient precision. The charged conduct inquiry requires in this case an examination of the state court charging documents, if available.
 
 III
 
 25
 Without record support for the district court's determination that Benjamin's charged sexual battery was a violent crime, neither Benjamin's status as a career offender nor his sentence under the Guidelines can stand. We vacate Benjamin's sentence and remand his case for resentencing.[7] In the event that the charged conduct cannot be identified, the district court shall impose no career offender enhancement.
 
 
 26
 VACATED and REMANDED for resentencing.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The PSR set at 28 Benjamin's initial offense level. With a two-step reduction for acceptance of responsibility, and 13 criminal history points, the sentencing range was 120-150 months. U.S.S.G. Ch. 5, Pt. A. Benjamin's career offender status, in light of a 20-year maximum term for robbery, pushed his initial offense level to 32. With the two-step deduction for acceptance of responsibility, the range was 168-210 months. The district court sentenced Benjamin to a term of 189 months
 
 
 [2]
 No dispute exists that Benjamin satisfies the first and second criteria for career offender status: he committed the robberies as an adult and the robberies were crimes of violence. See U.S.S.G. § 4B1.1(1)-(2). The current version of the guideline differs in no material way from the version in effect at the time of Benjamin's sentencing
 
 
 [3]
 See U.S.S.G.App.C, amend. 268 (deleting reference to 18 U.S.C. § 16 effective November, 1989); see also United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992) (discussing the change)
 
 
 [4]
 The provisions dealing with institutionalized victims, including Penal Code section 243.4(b), are not at issue here
 
 
 [5]
 The government analogizes this case to United States v. Robinson, 967 F.2d 287 (9th Cir.1992), in which we held that battery upon a peace officer, as defined in Cal.Penal Code Section 243(b), is a violent crime under the Guidelines. Robinson relied in part upon the definition of simple battery, which includes the "unlawful use of force or violence," to support its holding. See id. at 293-94 (quoting Cal.Penal Code § 242 (West 1988))
 
 
 [6]
 The government offered us what it says is the state court judgment, but we refuse to consider that material because it was not offered to the district court
 
 
 [7]
 Benjamin suggests that his sexual battery conviction was a misdemeanor offense. The statute recognizes both misdemeanor and felony sexual batteries. Compare Cal.Penal Code § 243.4(a)-(c) (West Supp.1993) (felony provisions); with id. § 243.4(d)(1) (West Supp.1993) (misdemeanor provisions). Benjamin's conviction may serve as a basis for career offender status only if that conviction was a felony. See U.S.S.G. § 4B1.1(3). Neither the PSR nor anything else in the record before us specifies the class of Benjamin's sexual battery conviction. On remand the district court should attempt to resolve this issue