Filed 6/10/16  P. v. Simon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062900 |
| v. | (Super.Ct.No. FVI1300530) |
| VERNAE JENNIFER SIMON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Vernae Jennifer Simon appeals from the denial of her petition under Proposition 47 and Penal Code section 1170.18[1] for redesignation of her conviction of second degree burglary (§ 459) to misdemeanor shoplifting (§ 459.5). Defendant contends the trial court erred in determining that the bank where she committed her crime was not a commercial establishment within the meaning of section 459.5. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On December 28, 2012, defendant entered a bank in Adelanto and attempted to open an account by depositing a fraudulent check. Earlier that day, she had attempted to deposit a fraudulent check at another bank in Hesperia. When she was arrested, she had social security numbers and four fraudulent checks with a total face value of $345 in her purse.

Defendant was charged with second degree commercial burglary (§ 459, counts 1 & 2) and forgery (§ 470, subd. (d), count 3). On March 14, 2013, defendant entered a plea of no contest to one count of second degree burglary (§ 459), and the remaining counts were dismissed. The parties stipulated that the police report provided the factual basis for the plea.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

On December 29, 2014, defendant filed a petition requesting that her conviction be redesignated as misdemeanor shoplifting.  (§ 459.5.)  The trial court held that the bank she entered was not a retail establishment and denied her petition.

DISCUSSION

*Standard of Review*

When interpreting a voter initiative, "we apply the same principles that govern statutory construction."  (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)  We first look "'to the language of the statute, giving the words their ordinary meaning.'"  (*Ibid.*)  We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme."  (*Ibid.*)  If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'"  (*Ibid.*)

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18.  Section 1170.18 creates a process through which persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing.  (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)  Specifically, section 1170.18, subdivision (a), provides:  "A person currently serving a sentence for a

3

conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

*Defendant's Offense*

Defendant entered a plea of no contest to one count of second degree burglary (§ 459); she now contends her offense should be reduced to misdemeanor shoplifting. Section 459.5 provides: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor [with exceptions not relevant here]. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

Defendant contends the trial court erred in determining that the bank was not a commercial establishment within the meaning of section 459.5. At the hearing on defendant's petition, the People argued that defendant was not eligible for resentencing

4

because the bank where she committed her crime was not a "retail establishment," and the trial court denied the petition without expressly stating its reasoning. We need not reach the question of whether a bank is a "commercial establishment" under section 459.5 because we review the trial court's decision, not its reasoning, and will affirm a judgment or order that reached the correct result, """regardless of the considerations [that] may have moved the trial court to its conclusion.""" (*People v. Zapien* (1993) 4 Cal.4th 929, 976.)

The newly defined offense of shoplifting (§ 459.5) is committed when a defendant enters a commercial establishment during regular business hours "with intent to commit larceny." (§ 459.5, subd. (a).) The elements of the crime of larceny are that a person "(1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away." (*People v. Davis* (1998) 19 Cal.4th 301, 305.)

The issue of whether an intent to commit theft by false pretenses or fraud qualifies as an intent to commit larceny within the meaning of section 459.5 is currently pending in our Supreme Court. (See *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171; *People v. Vargas* (2016) 243 Cal.App.4th 1416, review granted Mar. 30, 2016, S232673.)

The case of *People v. Williams* (2013) 57 Cal.4th 776, 788-789, clarified that larceny and acquiring property by false pretenses are distinct and mutually exclusive offenses. In that case, the defendant used payment cards re-encoded with another person's credit card information to buy Walmart gift cards and then used force against a

security guard who tried to detain him. The defendant appealed his ensuing robbery conviction, and our Supreme Court reversed on the ground that the defendant had acquired property through his false representation. The court explained that "[b]ecause a 'felonious taking,' as required in California's robbery statute (§ 211), must be *without the consent* of the property owner, or 'against his will' ([§ 211]), and Walmart *consented* to the sale of the gift cards, defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not commit robbery." (*Id.* at p. 788.)

In *People v. Curtin* (1994) 22 Cal.App.4th 528, the court held that when the defendant entered a bank, cashed a check made out to himself but drawn on the account of another depositor without permission or authorization, the crime was that of obtaining property by false pretenses, not that of larceny by trick. (*Id.* at p. 532.) The court explained that "'[a]lthough the crimes of larceny by trick . . . and obtaining property by false pretenses are much alike, they are aimed at different criminal acquisitive techniques.'" (*Id.* at p. 531.) The court continued that "[d]efendant's misrepresentation of himself as a depositor . . . was certainly a trick or device. But he used it to acquire possession *and* title to the money, not merely possession. The bank did not give defendant the money on any understanding as to its limited use; rather, believing he was [the depositor], the bank gave defendant the money to keep or use as he would." (*Id.* at p. 532.)

Defendant contends she was "not given the opportunity to prove that she entered the bank with the intent to commit larceny." However, the defendant seeking relief under section 1170.18 ""'"has the burden of proof as to each fact the existence or nonexistence

of which is essential to the claim for relief or defense he is asserting.""" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  Here, we conclude the trial court reached the correct result because defendant failed to establish that she entered the bank with the intent to commit larceny rather than theft by false pretenses.

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

I concur:


RAMIREZ
P. J.

7

MILLER, J., Dissenting.

I respectfully dissent.  The majority upholds the denial of defendant's petition to recall her sentence (Petition) filed pursuant to Penal Code section 1170.18.[1]  The trial court denied the Petition without comment after it was argued by the People that a bank was not a commercial establishment.  The majority upholds the denial of the Petition based on its finding that defendant's entry into a bank in possession of four fraudulent checks totaling $345 did not qualify as shoplifting under newly enacted section 459.5.  Specifically, the majority concludes theft by false pretenses is not the same as "larceny" as that term is used in section 459.5.  I would reverse the trial court's order and remand to the trial court for it to determine if defendant is still in custody and, if so, whether she poses an unreasonable risk to public safety.

Proposition 47 added section 1170.18.  Subdivision (a) of section 1170.18, provides in pertinent part:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health

_____

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Under section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under section 1170.18, subdivision (a). If the petitioner satisfies the criteria in subdivision (a), then he or she will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (§ 1170.18, subd. (b).)

In this case, defendant was convicted of burglary in violation of section 459. Section 459 is not listed in Proposition 47 and remains after the effective date of Proposition 47. Second degree burglary, which is defined in relevant part as the entering of a building other than a residence "with intent to commit grand or petit larceny or any felony," remains punishable as either a misdemeanor or a felony. (§§ 459, 461, subd. (b).) Section 459.5 provides: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).) As such, shoplifting consists of four elements, which must be found by the trial court as follows: (1) entry into a commercial establishment; (2) while that establishment is open during regular business hours; (3) with the intent to commit larceny; and (4) the value of the property that is taken or intended to be taken does

2

not exceed $950.  (§ 459.5, subd. (a); see *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)  The crime of shoplifting, with certain exceptions not relevant here, is punishable only as a misdemeanor.

Here, the amount involved in the case was less than $950 because the factual basis of the plea was taken from the police report, which detailed the face value of the checks in defendant's possession.  There also is no dispute that the bank was open during regular business hours.  The questions in this case are (1) whether defendant entered the bank with the intent to commit larceny, and (2) whether the bank was a commercial establishment.  The majority concludes that defendant did not enter the bank to commit "larceny."  Here, defendant had the intent to commit theft by false pretenses, as determined by the majority, and it must be determined if this is the equivalent of larceny as that term is used in section 459.5.

"Theft" is defined in section 484, subdivision (a), as follows:  "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."  As such, the

3

term "theft" includes theft by false pretenses, that is, "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[ing] any other person of money, labor or real or personal property." (*Ibid*.) Larceny is statutorily equated with "theft." Section 490a provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

In *People v. Nguyen* (1995) 40 Cal.App.4th 28, the defendant was convicted of three counts of burglary for giving worthless checks to the victims in exchange for their property. On appeal, the defendant argued that he did not intend to commit larceny but rather theft by false pretenses, which would not support his burglary convictions. (*Id.* at pp. 30-31.) The appellate court rejected this argument, finding that "in 1927, the Legislature amended the larceny statute to define theft as including the crimes of larceny, embezzlement and obtaining property by false pretense. [Citation.] At the same time, the Legislature also enacted section 490a stating, '[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word "theft" were substituted therefor.' [Citation.] Thus, the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Id.* at p. 31; see *People v. Curtin* (1994) 22 Cal.App.4th

4

528, 531 [obtaining property by false pretenses along "with other larcenous crimes, have been consolidated into the single crime of theft"].)

This conclusion that larceny includes theft by false pretenses is also supported by the intent of the voters. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Petty theft by false pretenses is exactly the type of nonserious, nonviolent crime that should be eligible for resentencing under Proposition 47.

The majority relies upon *People v. Williams* (2013) 57 Cal.4th 776. In *Williams*, a man committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee. The California Supreme Court addressed whether theft by false pretenses could satisfy the "felonious taking" requirement of robbery. (*Id.* at pp. 779-780.) The defendant argued that the "felonious taking" requirement, which is only present in robbery and no other types of theft, could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id.* at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery as it requires a trespassory taking. (*Id.* at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement. (*Id.* at p. 789.)

5

I find *Williams* distinguishable because it involved the interpretation of the "felonious taking" element of robbery, not burglary. Section 459.5 redefined certain second degree burglaries, and our high court has held "[a]n intent to commit theft by a false pretense or a false promise without the intent to perform will support a burglary conviction." (*People v. Parson* (2008) 44 Cal.4th 332, 354.)

Here, it is clear that defendant pled guilty to second degree burglary both based on the intent to commit theft and a felony. Her entry with the intent to commit theft by false pretenses qualifies as shoplifting under section 459.5.

I further find that a bank is a commercial establishment. Because the term "commercial establishment" was not defined in the ballot initiative and is not defined in the Penal Code, we begin with the words themselves, giving them their ordinary meaning. "A dictionary is a proper source to determine the usual and ordinary meaning of a word or phrase in a statute." (*E.W. Bliss Co. v. Superior Court* (1989) 210 Cal.App.3d 1254, 1258, fn. 2; see *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 ["When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word."]; *Scott v. Continental Ins. Co.* (1996) 44 Cal.App.4th 24, 30, fn. omitted ["It is thus safe to say that the 'ordinary' sense of a word is to be found in its dictionary definition."].)

The Merriam-Webster Online Dictionary (2016) provides a simple definition for commerce as follows: "[A]ctivities that relate to the buying and

6

selling of goods and services." (See <http://www.merriam-webster.com/ dictionary/commerce> [as of June 10, 2016].) The full definition includes, "the exchange or buying and selling of commodities on a large scale involving transportation from place to place." (*Ibid.*) "Commodity" is simply defined as "something that is bought and sold" or "something or someone that is useful or valued." (See <http:// www.merriam-webster.com/dictionary/commodities> [as of June 10, 2016].)

Black's Law Dictionary defines establishment as, "2. An institution or place of business." (Black's Law Dict. (8th ed. 2004) p. 586, col. 1.) Commerce is defined as "The exchange of goods and services, esp. large scale involving transportation between cities, states, and nations." (*Id.* at p. 285, col. 2.)

In the Code of Federal Regulations, pertaining to copyright law, commercial establishment is defined as "an establishment used for commercial purposes, such as bars, restaurants, private offices, fitness clubs, oil rigs, retail stores, banks and financial institutions, supermarkets, auto and boat dealerships, and other establishments with common business areas." (37 C.F.R § 258.2 (2014).)

In *In re J.L.* (2015) 242 Cal.App.4th 1108, 1114, the court found that stealing a cellular telephone from a school locker did not qualify for resentencing under Proposition 47. It determined that, "[w]hatever broader meaning 'commercial establishment' as used in section 459.5 might bear on different facts, [the defendant]'s theft of a cell phone from a school locker room was not a theft

7

from a commercial establishment." Thereafter, the court defined commercial establishment as follows: "Giving the term its commonsense meaning, a commercial establishment is one that is primarily engaged in commerce, that is, the buying and selling of goods or *services*." (*Ibid*, italics added.)

I conclude commercial establishment is reasonably interpreted to include those businesses engaged in the buying and selling of services. A bank is engaged in the buying and selling of services. I would reverse the trial court's order denying the Petition. I would remand for the trial court to determine whether defendant is still in custody. If she is still in custody, the trial court would need to determine whether she would pose an unreasonable risk to public safety prior to resentencing her to a misdemeanor. (§ 1170.18, subd. (b).)

MILLER                        
J.

8