[Crim. No. 16974. First Dist., Div. Three. Sept. 21, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE R. COLEMAN, Defendant and Appellant.

**COUNSEL**

Brian J. McCaffrey, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and Charles R. B. Kirk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOTT, J.**—While serving a sentence at San Quentin state prison, Tyrone R. Coleman was convicted of committing a battery upon a person who was not a prisoner, in violation of Penal Code section 4501.5. Appellant had been previously convicted of a violation of Penal Code section 245, subdivision (a), assault with a deadly weapon.

At the time of the battery appellant was being escorted by a correctional officer, James Andrus, following a visit by relatives, from the visiting area back to his housing unit. Following the visit a routine pat search revealed appellant to be in possession of several packages of cigarettes. The cigarettes were confiscated in accordance with prison rules. Appellant was then subjected to a strip search to determine if he was attempting to smuggle contraband into the prison. During the strip search appellant became belligerent, throwing his clothing at the officers. The strip search revealed no contraband; whereupon Officer Andrus escorted appellant toward his housing unit. While the escort was in progress appellant, without warning, turned and struck Officer Andrus in the face with his fist. The incident was witnessed by other correctional officers and inmates.

At trial appellant testified that Officer Andrus grabbed his arm as they approached the north block rotunda, causing appellant to believe that he was going to be knocked down or shot. At this point, appellant claimed he struck the officer in self-defense. Correctional officer witnesses testified that the assault was unprovoked, whereas inmate witnesses testified in support of appellant's self-defense testimony.

Appellant initially contends that the district attorney made several improper comments to the grand jury during the indictment hearing, which violated appellant's rights under Penal Code section 939.7 and his Fifth Amendment rights under *Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]. The sole witness at the indictment proceeding was Officer Andrus, the victim of the battery. At the conclusion of the evidence, one of the grand jurors asked if an effort had been made to take a statement from appellant; whereupon the deputy district attorney replied: "We do not, unless and except, in a very extremely serious case, where there is indication given to us that an inmate desires to make a statement, because our experience has been that in ninety-nine percent of the cases they'll decline to make any statements not only to us, but to the staff at San Quentin, and it would be an exercise

in futility." The juror then said: "I'm going to go under the assumption that he is going to deny he hit the man, or possibly he hit him after being provoked"; to which the district attorney replied: "I don't know whether he would deny that he struck Officer Andrus or not. If the Grand Jury—of course, you have the right to call witnesses, and if you desire to subpoena the inmate and put him on the stand, of course, you couldn't compel him to testify, because he would have the right to exert the privilege against self-incrimination under the Fifth Amendment, and that's all I have to say."

Appellant contends that his self-defense contention should have been presented to the grand jury and that the district attorney's statements amounted to improper comments to the grand jury on his Fifth Amendment rights.

In *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248 [124 Cal.Rptr. 32, 539 P.2d 792], the court held that when a district attorney seeking an indictment is aware of exculpatory evidence he is obligated to inform the grand jury of its nature and existence so that the grand jury may exercise its power under Penal Code section 939.7[1] to order its production.

■ Here, however, there is no evidence that the district attorney was aware of the self-defense evidence. Although appellant apparently testified at a prison disciplinary hearing prior to the grand jury indictment proceeding, there is no indication as to what the testimony was or that the district attorney knew of the existence of such testimony. Appellant does not contend otherwise. Since the record is devoid of evidence that the district attorney was aware of exculpatory evidence, he did not act improperly under *Johnson* or Penal Code section 939.7.

■ With regard to the claimed *Griffin* error in the grand jury proceedings, the district attorney did not comment on appellant's past invocation of the privilege against self-incrimination, but merely stated that in his experience prisoners generally invoked the Fifth Amendment when called to testify. As to appellant in particular, the district attorney pointed out he did not know how appellant would testify if called as a

[1]Penal Code section 939.7 provides: "The grand jury is not required to hear evidence for the defendant, but it shall weigh all the evidence submitted to it, and when it has reason to believe that other evidence within its reach will explain away the charge, it shall order the evidence to be produced, and for that purpose may require the district attorney to issue process for the witnesses."

witness and that the grand jury could not force him to testify. There was no suggestion by the district attorney that appellant had ever invoked the privilege against self-incrimination. From the district attorney's response to the grand juror's question, it is clear that the grand jury was invited to subpoena appellant if it so desired. There was no misconduct.

■ Appellant further contends generally that comments of the district attorney at the indictment hearing suggested that there was something particularly sinister about this offense. The grand juror asked why the district attorney was seeking an indictment for a battery upon a correctional officer. In response the district attorney stated: "Number one, I don't quite agree with your statement that it is not a serious case, because I think that when you consider the number of inmates that are at San Quentin as opposed to the number of correctional officers, I think one of the ways of maintaining stability in the institution is through the maintenance of some authority, and I'm not indicating to you that every battery that occurs at San Quentin results in our bringing the case before the Grand Jury, or filing a complaint, but there are occasions when we feel that it is beneficial to the maintenance of the authority that must be maintained at the institution to bring a case like this before the Grand Jury, simply because if the word gets out that it is okay to strike a correctional officer without anything happening, or that nothing will happen, then I think it is going to result in a deterioration of the authority of the correctional officer." The district attorney then made clear that the grand jury should only consider the evidence of the crime, not his purpose in seeking an indictment.

These comments of the district attorney taken as a whole do not reveal any improper conduct or suggestion which prejudiced appellant. The district attorney did no more than indicate that he had a degree of discretion. His comments further indicate that the discretion was not exercised based solely on the facts of each specific case but also general considerations as to the need to maintain order in prisons. We find nothing improper in the comments.

■ Appellant next contends that the court erred in instructing the jury on the right of a correctional officer to use force when escorting a prisoner. The instruction in question is as follows:

"A correctional officer who is making a lawful escort of a prison inmate may use reasonable force to make such escort, or to prevent escape, or to overcome resistance.

"The officer need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the inmate being escorted.

"Where such an officer is making a lawful escort, if the inmate being escorted has knowledge, or by the exercise of reasonable care should have knowledge, that he is being escorted by a correctional officer, it is the duty of such inmate to refrain from using force or any weapon to resist such escort unless unreasonable or excessive force is being used to make the escort.

"A correctional officer is not permitted to use unreasonable or excessive force on an inmate in making an otherwise lawful escort.

"If an officer does use unreasonable or excessive force in making an escort, the person being escorted may lawfully use reasonable force to protect himself.

"Thus, if you find that the officer used unreasonable or excessive force in making or attempting to make the escort in question, and that the defendant used only reasonable force to protect himself, the defendant is not guilty of the offense charged in the indictment."

This instruction is a modification of CALJIC No. 16.103, "Resisting Arrest—Use of Reasonable Force—Duty to Submit," and CALJIC No. 16.106, "Resisting Arrest or Detention for Questioning—Use of Excessive Force by Officer."

Appellant first argues that based upon *People* v. *Jacobs* (1972) 27 Cal.App.3d 246 [103 Cal.Rptr. 536], the instruction is improper. *Jacobs,* however, is of no assistance to appellant. In *Jacobs* the court held that where the victim of a battery is admittedly a correctional officer and the accused is a prisoner, there can be no lesser included offense of assault, restricting or obstructing a public officer in the discharge or attempt to discharge the duties of his office, and disturbing the peace, all misdemeanors. The *Jacobs* court stated (at p. 267), "there was no evidence from which a jury could conclude that defendant's action was less than [the crime specified in Penal Code] section 4501.5."

Contrary to appellant's contention, the instruction did not mislead the jury. Although the instruction is based upon Penal Code section 834a,[2] it

---

[2]Penal Code section 834a provides: "If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a peace officer, it is the duty of such person to refrain from using force or any weapon to resist such arrest."

did not pertain to a lesser included offense. Rather, it accurately described the respective rights and duties of a correctional officer and a prisoner with regard to force.

Appellant further claims there is an inconsistency between the above instruction and the general instruction regarding self-defense in that the right of self-defense arises with the reasonable belief that an injury is imminent, whereas the instruction in question states that a prisoner may use force only to resist unreasonable or excessive force used by a correctional official.

Reading the instructions together as a whole there was no inconsistency. The instructions regarding self-defense referred to the rights of a "person who is being assaulted" and a "person who is threatened with an attack that justifies the exercise of the right of self-defense." Thus, the self-defense instructions made clear that they applied only to a prisoner who was faced with the *improper* use of force. The instructions quoted above regarding the rights of a correctional officer and a prisoner to use force were entirely consistent; they informed the jury when the prisoner's right to defend himself arose, while the self-defense instructions informed the jury as to the extent of this right.

■ Appellant further contends that the court erred in giving a flight instruction (Pen. Code, § 1127c). Immediately after appellant struck Officer Andrus, he ran several steps through an open door where he turned and assumed a "fighting stance." Under the circumstances of this case, it seems doubtful that the flight instruction was proper. (See *People v. Cannady* (1972) 8 Cal.3d 379 [105 Cal.Rptr. 129, 503 P.2d 585].) If it was error, however, it was clearly harmless. The jury was not likely to have given any significance to the act of appellant in removing himself a few steps from the scene of the altercation. Such evidence would neither add to the People's case nor detract from appellant's self-defense case.

Judgment is affirmed.

White, P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied October 20, 1978.