[No. F016115. Fifth Dist. Aug. 13, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM FRANCIS GRANT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

1106

## COUNSEL

Stephen Greenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General,

Michael J. Weinberger and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

MOFFAT, J.*—Defendant, William Francis Grant, appeals following his sexual battery conviction. (Pen. Code, § 243.4, subd. (a).) He claims his conviction was not supported by substantial evidence, he was erroneously required to register pursuant to Penal Code section 290, and the imposition of restitution fines exceeded the terms of his plea bargain. In the published portion of our opinion, in determining whether substantial evidence supports the conviction, we discuss the meaning of "unlawful restraint" as an element of a sexual battery.

### Statement of the Case

On February 21, 1991, a preliminary hearing was held in defendant's case. The investigating officer was the sole witness. He testified to the incident in question based on his police report, which was also admitted in evidence. The court held defendant to answer.

Defendant entered a plea of nolo contendere on April 22, 1991. His plea was made on the condition he be granted probation and serve no more than one year in county jail. In addition, a condition of his plea included that he be allowed to appeal the denial of his Penal Code section 995 motion.

On June 12, 1991, defendant was allowed to withdraw his plea because there was a question whether he would be able to appeal the denial of his Penal Code section 995 motion. The issue of guilt was submitted to the court based on the preliminary hearing transcript and the police reports. Defendant's acquiescence to this submission of the issue of guilt to the court was again based on the agreement he would be placed on probation and receive no more than one year in county jail.

On June 17, 1991, the court found defendant guilty. Defendant was given probation and required to serve one year in county jail. Defendant was instructed to register under Penal Code section 290. The court ordered defendant to pay a $100 restitution fine under Penal Code section 1203.04 and a $100 restitution fine under Government Code section 13967.

---

*Judge of the Madera Superior Court sitting under assignment by the Chairperson of the Judicial Council.

## STATEMENT OF FACTS

On December 27, 1990, 17-year-old Shannon S. was on a date with her boyfriend Efren R. They parked the vehicle at Gordon's Ferry around 10 p.m. Shannon and Efren were kissing when defendant approached their vehicle. Shannon had her blouse off and her pants unbuttoned. Defendant shined a flashlight into the vehicle and opened the passenger door, where Shannon was sitting.

Defendant told Shannon and Efren he worked for the company that owned the property and also was working with the police on vandalism problems in the area. He told Shannon and Efren they did not belong in the area.

While Shannon put her top on, defendant shined his light in the car and questioned the two whether they had drugs or alcohol in the vehicle. Defendant said he needed to talk to Shannon. He grabbed Shannon's arm, removed her from the vehicle, released her arm, and walked her to the rear of his vehicle. Efren attempted to follow but defendant ordered him back to his car.

At the rear of defendant's vehicle, defendant asked Shannon sexually oriented questions. Defendant continually told Shannon she would get in trouble if she and Efren did not cooperate with him. Defendant told Shannon the police might be summoned to take them away.

During the questioning by defendant, Shannon began to shiver. She told defendant she was cold. He reached inside her top and touched her breast and nipple and stated, "Yeah, you are cold. Your nipples are hard." Shannon felt she was unable to do anything because of defendant's official capacity.

Defendant continued questioning Shannon and caused her to place her hands down her pants. Later he also put his hands down her pants, inside her underwear but not touching her vagina. During this time Efren tried several times to come to the rear of defendant's vehicle but defendant ordered him back into his car each time. Efren felt compelled to follow defendant's instructions, believing he was a person in authority.

When another vehicle approached, defendant told Shannon and Efren they could leave. Efren wrote down the license plate number of defendant's vehicle.

## DISCUSSION

### I.

### *Substantial Evidence*

Penal Code section 243.4, subdivision (a), provided at the time of the offense herein:

"Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. Such an act is punishable by either imprisonment in the county jail for not more than one year or in the state prison for two, three, or four years."

 Defendant asserts that his conviction cannot be upheld because there was no evidence he *physically* restrained Shannon at the time of the touching. He contends that *People* v. *Pahl* (1991) 226 Cal.App.3d 1651 [277 Cal.Rptr. 656] defines unlawful restraint as a physical restraint over and above that necessary to commit the prohibited act. Defendant then argues that if a restraint other than a physical restraint can fulfill the unlawful restraint requirement, there was no showing of force sufficient to be viewed as an unlawful restraint.

In *People* v. *Pahl, supra*, 226 Cal.App.3d 1651 Kelly E. went on a date with defendant. After defendant discussed sexual subjects with Kelly, she told defendant she wanted to go home. Defendant instead drove Kelly to a secluded area and sexually assaulted her. Kelly resisted, cried and stated she wanted to go home. (*Id.* at pp. 1653-1655.) In a case of first impression, the appellate court discussed what was necessary to qualify as an unlawful restraint.

"[T]he term can be viewed as distinguishing the nonsexual physical element of sexual battery from the more wanton 'force, violence, or fear' element of rape. (§ 261, subd. (2).) At least the term 'unlawfully restrained' in section 243.4 means that something more is required than the mere exertion of physical effort necessary to commit the prohibited sexual act. This was the holding in *State* v. *Schenck* (La. 1987) 513 So.2d 1159, in which the Louisiana Supreme Court interpreted that state's sexual battery statute. The nonsexual physical element of the statute required that the offender ' ". . . compels the other person to submit by placing the person in fear

. . . ." ' (*Id.* at p. 1161, fn. 3.) The 14-year-old victim and her aunt were leaving a Mardi Gras parade. The 21-year-old defendant jumped from behind a tree, grabbed the victim by the hips from behind, rubbed himself against her, reached in front, and touched or squeezed her between the legs in the pubic region. 'It was a momentary event quickly concluded when the startled victim dug an elbow into the defendant and cried out, "Pervert," prompting the defendant to agree ("That's me") as he ran back in the direction of the parade.' (*Id.* at p. 1160.) The court found inadequate evidence of compelled submission, holding that sexual battery requires 'something more than the simple forceful touching required to prove battery . . . .' (*Id.* at p. 1163.)

"We agree and hold that the unlawful restraint required for violation of section 243.4 is something more than the exertion of physical effort required to commit the prohibited sexual act. Kelly testified to something more. . . . Appellant, for his own sexual gratification, repeatedly touched Kelly intimately against her will. Kelly resisted physically and verbally and expressed a desire to go home, but appellant, being heavier and stronger than Kelly, restrained her despite her pleas. The evidence of unlawful restraint was ample." (*People v. Pahl, supra,* 226 Cal.App.3d 1651, 1661, fn. omitted.)

Contrary to defendant's assertion, the court in *Pahl* never stated that the restraint had to be a physical restraint. Because there was physical restraint applied to the victim in *Pahl,* the court was not called upon to determine how unlawful restraint could be applied in a different type of situation.

In *People v. Alford* (1991) 235 Cal.App.3d 799 [286 Cal.Rptr. 762], the defendant, a correctional officer, sexually abused his wards while they were handcuffed. On appeal defendant asserted there was no showing of an unlawful restraint because the restraints placed on the victim were for a lawful purpose. The appellate court rejected defendant's assertion as utterly absurd.

"In other contexts, it is recognized that what is lawfully begun can become unlawful when for example, it exceeds the bounds of reasonableness, when the conduct which would otherwise be lawful is engaged in for an improper purpose or when, as in this case, the original lawful purpose is replaced with or supplemented by an unlawful purpose. Thus in the area of search and seizure, for example, courts have recognized that what is begun as a lawful detention may become an unlawful search and seizure when the continued detention is no longer justified. [Citation.] In *In re Tony C.* (1978) 21 Cal.3d 888 . . . , the court held that in determining whether a street encounter between an officer and a citizen is lawful and in accordance with Fourth Amendment principles, the court should first determine the purpose of the

encounter. [Citation.] The courts have also recognized that if the purpose of a traffic stop or traffic arrest is merely a pretext to search for evidence of another offense, the stop or arrest is not lawful. [Citation.] Similarly in the area of use of force by a police officer, an officer may use reasonable force to prevent escape or overcome resistance, but his conduct becomes unlawful when he uses excessive force. [Citation.]

"In this context, an inmate may lawfully be restrained for the purpose of transporting her from one correctional facility to another. However, if the inmate for a period of time is also restrained for an unlawful purpose then the restraint for that time period becomes unlawful. Thus if a person such as defendant takes advantage of the fact of the inmate's lawful restraints and engages in acts for an improper purpose, such as sexual arousal or gratification, the inmate is unlawfully restrained during the illegal acts. Stated another way, in that situation, the officer has exceeded the scope of the permissible restraint and the restraint becomes unlawful." (*People* v. *Alford*, *supra*, 235 Cal.App.3d 799, 803-804.)

Neither of the above cases supports defendant's assertion that an unlawful restraint is limited to a physical restraint only. Both involved physical restraints and did not require further inquiry into the parameters of the term "unlawful restraint" since the physical restraint clearly met the requirement.

This court in *People* v. *Arnold* (1992) 6 Cal.App.4th 18 [7 Cal.Rptr.2d 833] upheld a sexual battery conviction and discussed unlawful restraint in a setting which did not involve physical restraints upon the victim. In *Arnold* defendant was a high school teacher. He had made sexual advances to one of his students, Virginia, which she rebuffed. Later he called her into the wrestling room, where she was alone with him. He placed mats against the main doors of the room. Defendant sexually assaulted Virginia. This court held that defendant's status as an authority figure and Virginia's fear of the defendant, combined with the placement of the mats against the door, created such a coercive atmosphere that Virginia's freedom was restricted against her will such that an unlawful restraint occurred.

There is nothing in the statute, the legislative history, or previously published cases which limit unlawful restraint to only physical restraint. The absurdity of such an argument can be shown by the following example: a defendant points a gun to the head of the victim and engages in the prohibited touching. In such a situation there would be no physical restraint applied, as defined by defendant, yet clearly this would be an unlawful restraint. Defendant's argument on this point fails.

Defendant's next argument is that if the unlawful restraint necessary to support a sexual battery conviction is the same as is necessary to support a

false imprisonment conviction, then there was no showing of force here to satisfy the statute.

■ "False imprisonment is the unlawful violation of the personal liberty of another." (Pen. Code, § 236.)

" ' " 'In order to constitute a case of false imprisonment, it is essential that there be some restraint of the person; but it is not necessary that there be confinement in a jail or prison. Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty or is compelled to remain where he does not wish to remain, *or to go where he does not wish to go*, is false imprisonment. The wrong may be committed by acts or by words, or both, and by merely operating upon the will of the individual or by personal violence, or both. . . .' " [Citations.]' " (*People* v. *Riddle* (1987) 189 Cal.App.3d 222, 228 [234 Cal.Rptr. 369].)

*People* v. *Haney* (1977) 75 Cal.App.3d 308, 313 [142 Cal.Rptr. 186], involved false imprisonment and sets forth "unlawful restraint" in its simplest form:

"The primary element of the offense, the unlawful restraint of another's liberty, does not require one or more of those elements necessary to raise the crime to felony status. All that is necessary to make out a charge of false imprisonment, a misdemeanor, is that 'the individual be restrained of his liberty without any sufficient complaint or authority therefor, and it may be accomplished by words or acts [together with the requisite intent to confine] which such individual fears to disregard.' " (Brackets in *Haney*.)

■ Once again defendant posits a definition that is too restrictive. He equates force or threat of force with personal violence and threats of personal violence. There are many situations where one is compelled, i.e., forced, to do something against one's will but the compulsion does not involve personal violence or threats of personal violence. This is especially true when the person involved in the compulsion is an authority figure or posing as a person in authority. The force is a psychological force compelling the victim to comply with the orders of the authority figure.

Unlawful restraint was defined in *Arnold* as follows:

"[A] person is unlawfully restrained when his or her liberty is being controlled by words, acts or authority of the perpetrator aimed at depriving the person's liberty, and such restriction is against the person's will; a restraint is not unlawful if it is accomplished by lawful authority and for a

lawful purpose, as long as the restraint continues to be for a lawful purpose. The 'unlawful restraint required for violation of section 243.4 is something more than the exertion of physical effort required to commit the prohibited sexual act.' [Citation.]" (*People* v. *Arnold*, *supra*, 6 Cal.App.4th 18, 28.)

Here Shannon S. was ordered from the car by defendant, who presented himself as an authority figure. He grabbed Shannon's arm while he removed her from the car. He repeatedly ordered her boyfriend to remain in the car. Defendant continually threatened Shannon that they (Efren and Shannon) might be in trouble if she did not cooperate with him and that the police might be summoned to take them away. Clearly Shannon's liberty was being controlled by defendant's words, acts and authority. Defendant's conduct forced Shannon to remain where she did not voluntarily wish to be. The restraint was not accomplished by lawful authority. Shannon was unlawfully restrained within the meaning of Penal Code section 243.4, subdivision (a).

## II., III.*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The requirement that defendant register as a sex offender pursuant to Penal Code section 290 is stricken. In all other respects, the judgment is affirmed.

Thaxter, Acting P. J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 1992.

---

*See footnote, *ante*, page 1105.