[No. C030560. Third Dist. Oct. 20, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
BOBBY MARION DIXON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part B of the Factual and Procedural Background (Facts Related to the Issue of Sanity) and with the further exception of parts I., II., III. and V. of the Discussion.

## COUNSEL

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Carlos A. Martinez and Alison Elle Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Defendant Bobby Marion Dixon appeals following a bench trial in which the trial court found defendant sane and guilty of attempted sexual battery (Pen. Code, §§ 243.4, subd. (a), 664);[1] assault with intent to commit rape (§§ 220, 261, subd. (a)(2)); and misdemeanor false imprisonment (§ 236). On appeal, defendant contends (1) the trial court erred in finding him sane; (2) the evidence is insufficient to support the attempted sexual battery and the assault; (3) the trial court erred in admitting evidence of prior crimes under Evidence Code sections 1101, 1108 and 352; (4) the conviction for attempted sexual battery must be reversed because it is a necessarily included offense of assault with intent to rape; and (5) the trial court committed sentencing error.

In the published portion of the opinion, we shall conclude the crime of attempted sexual battery is not a lesser included offense of assault with intent to rape. In an unpublished portion of the opinion, we reject defendant's other contentions of error, except that we shall modify the judgment to stay the concurrent term imposed for misdemeanor false imprisonment, pursuant to section 654. Except for the section 654 modification, we shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. *Facts Related to the Commission of the Offenses*

On March 10, 1997, around 7:00 p.m., victim Marea B. was walking toward her apartment at 1515 O Street, Sacramento. She had dumped her garbage behind the building and was walking around the block to cool off because she was angry with her boyfriend.

On 15th Street, she passed a stranger whom she later identified as defendant. He said "Nice night, isn't it?" She mumbled "Uh-huh" and kept walking.

---

[1]Undesignated statutory references are to the Penal Code.

She turned onto O Street and noticed defendant was following her. Defendant asked her name. She ignored him. To try to stop defendant from following her, the victim started up the front stairs of her apartment building, though she did not have her key to the front door. Defendant asked if she lived there. When she did not answer, he said "You don't live there."

The victim pretended to knock on the security door. The victim looked to see if defendant was still there. She did not see him, so she started down the stairs. Defendant suddenly swooped out from underneath the stairs, took hold of her wrist on the handrail, leaned in close and said "Just don't scream." The victim yelled "Fuck you" and shoved defendant in the torso and groin area with her foot.

The victim somehow fell back on the stairs but kept her hand on the rail for leverage. Defendant and the victim scuffled, with the victim kicking and struggling and yelling for defendant to get off of her. As the victim described it: "I feel like it was such a struggle the whole time, that I know at some point his hand was on my mouth and I know at some point his hand was right here . . . . Not on my neck, but my lower collarbone." The victim also described: "Well, after awhile my skirt was kind of hiked up. It was flowing and he was going down there and he just his like [sic]—these fingers brushed up against my panties." She said "I definitely know I felt his fingers on my panties . . . My genital area." The touching was over the panties, not on bare skin.

The victim kicked harder, and defendant responded by punching her in the mouth with his closed fist. The victim kept kicking and screaming, calling for her boyfriend who was up in the apartment. Defendant backed off and left the scene. The attack lasted about two minutes. The victim ran around the corner and hailed police officers on 16th Street.

Meanwhile, neighbor James Rowland had been out walking his dog that evening. He testified the sun had set and street lights were on, though it was not completely dark. He passed a man on O Street, and they exchanged cordialities. Rowland crossed at the corner and was returning down the opposite side of O Street, when he heard screams across the street. There was no streetlight at that location. Rowland saw someone bending over someone else and some movement. Rowland then saw the man he had passed earlier (whom he later identified as defendant) go down the stairs and walk away in a casual manner. Rowland saw a woman run down the stairs and around the corner.

Neighbor Timothy Phipps testified he heard a woman scream. He emerged from his apartment and saw a man walking toward 15th Street. Phipps spoke

briefly with Rowland before following the man. Phipps saw the man take off his dark-colored shirt as he walked, roll it up, and put it under his arm. Underneath, the man was wearing a light-colored shirt.

The police, with assistance from the witnesses, were able to locate and detain defendant. During the patdown, defendant attempted to flee and was arrested. He was placed in a patrol car, while the officers handled such matters as a warrant check and arranging a field identification. An officer testified that during this time, defendant made spontaneous statements asking why he was being stopped and stating he did not do anything, he was innocent. After about 40 to 45 minutes, the officer took a statement from defendant, who did not address the incident he was accused of, but said he had been in the area to buy a bicycle from someone named Joe. He was walking home. He heard a woman scream, but he did not have anything to do with it, and he continued walking home. Defendant said he resisted arrest because he was on parole and was tired of being harassed.

Defendant was charged with (1) attempted sexual battery (§§ 664, 243.4, subd. (a)); (2) assault with intent to rape (§§ 220, 261, subd. (a)(2)); and (3) felony false imprisonment (§ 236). It was also alleged defendant had three prior serious felony convictions (§§ 667, subds. (a)-(i), 1170.12) and two prior prison terms (§ 667.5, subd. (b)).

Defendant pleaded not guilty and not guilty by reason of insanity, and waived jury trial.

At the bench trial, the court, pursuant to Evidence Code sections 1101, 1108 and 352, allowed evidence of a prior crime, as follows: Victim Jody B. testified she met defendant one evening in April 1984, at Sundowner Casino, when Jody agreed to accompany her friend Rachel home. Defendant had agreed to drive Rachel home. They stopped at a store, and defendant surprised Jody by driving off with her while Rachel was in the store. Defendant drove behind a hardware store across from the Sundowner, stopped and told Jody to take off her clothes. She refused, and he threatened to kill her. He asked if she "gave good head." She said no. He pulled her down by the back of her neck and touched her mouth to his exposed penis. He then raped her. He then drove to another location, pushed Jody down over the outside hood of the vehicle, inserted his fingers in her rectum, and then sodomized her. He hit her on the back with his fist, threw her and her clothes into a garbage Dumpster, and left. She summoned the police and later identified defendant as her assailant. Jody mentioned Rachel to the police but apparently did not mention Rachel having been in the car. On cross-examination, Jody admitted she was addicted to methamphetamine at the time and sometimes had memory blackouts.

Following the bench trial in the instant prosecution of offenses against victim Marea B., the trial court found defendant guilty of (1) attempted sexual battery, (2) assault with intent to rape, and (3) misdemeanor false imprisonment (as a lesser included offense of felony false imprisonment).

B. *Facts Related to the Issue of Sanity*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

C. *Further Proceedings*

The trial court found defendant sane.

In a bifurcated proceeding, the trial court found true the allegations of prior serious felony convictions and prior prison terms.

The trial court sentenced defendant as follows: (1) 25 years to life for assault with intent to rape; (2) a stayed sentence (§ 654) of 25 years to life for attempted sexual battery; (3) a concurrent 6-month sentence for misdemeanor false imprisonment; and (4) three 5-year enhancements for prior convictions. The two prior prison term enhancements were stayed.

DISCUSSION

I.-III.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

IV. *Lesser Included Offense*

Defendant argues the conviction of attempted sexual battery (§§ 664, 243.4) must be reversed because it is a necessarily included offense of assault with intent to rape (§§ 220, 261), and a defendant cannot be convicted of both a greater and necessarily included offense. We shall conclude defendant's position is without merit.[9]

As stated in *People* v. *Ortega* (1998) 19 Cal.4th 686 [80 Cal.Rptr.2d 489, 968 P.2d 48]:

"The issue before us concerns when a defendant may receive multiple *convictions* for offenses arising out of a single act or course of conduct. This

---

\*See footnote, *ante*, page 935.

[9]We note the trial court stayed sentence on the attempted sexual battery conviction pursuant to section 654.

issue must be distinguished from the closely related question of when a defendant may receive multiple *sentences* based upon a single act or course of conduct. This important distinction is reflected in the difference between sections 954 and 654.

"Section 954 states that '[a]n accusatory pleading may charge . . . different statements of the same offense' and 'the defendant may be convicted of any number of the offenses charged.' Section 654 states: 'An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of punishment, but in no case shall the act or omission be punished under more than one . . . .' In *People* v. *Pearson* (1986) 42 Cal.3d 351, 359 [228 Cal.Rptr. 509, 721 P.2d 595], [the Supreme Court] recognized the tension between these statutes, observing: '[The Supreme Court] has long struggled with the problem of permitting multiple convictions while protecting the defendant from multiple punishment.' The solution . . . adopted is, in general, to permit multiple convictions on counts that arise from a single act or course of conduct—but to avoid multiple punishment, by staying execution of sentence on all but one of those convictions.[10] [Citation.]

"But despite the seemingly absolute language of section 954 ('the defendant may be convicted of any number of the offenses charged'), there is an exception to the general rule permitting multiple convictions. 'Although the reason for the rule is unclear, [the California Supreme Court] has long held that multiple convictions may *not* be based on necessarily included offenses. [Citations.]' [Citation.] ' "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." [Citations.]' " (*People* v. *Ortega, supra,* 19 Cal.4th at p. 692, original italics; see also *People* v. *Marshall* (1997) 15 Cal.4th 1, 38 [61 Cal.Rptr.2d 84, 931 P.2d 262].) An offense is necessarily included within a charged offense "if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." (*People* v. *Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].)

 Here, the accusatory pleading charged in the language of the statutes. Thus, the accusatory pleading alleged defendant violated sections

---

[10]That was done in this case, where the trial court stayed sentence on the attempted sexual battery pursuant to section 654.

664[11] and 243.4, subdivision (a),[12] in that he "did willfully and unlawfully attempt to touch an intimate part of MAREA B., while said person was unlawfully restrained by defendant . . . against the will of said person and for the purpose of sexual arousal, sexual gratification, and sexual abuse."

The pleading also alleged defendant violated section 220,[13] in that he "did willfully and unlawfully assault MAREA B., with the intent to commit rape in violation of . . . Section 261(a)(2)."[14]

Although some cases refer to sexual battery as a lesser *related* offense (rather than a lesser *included* offense), the matter was not at issue in those cases, hence they are not dispositive. (E.g., *People* v. *Craig* (1994) 25 Cal.App.4th 1593, 1602-1604 [31 Cal.Rptr.2d 96];[15] *People* v. *Carapeli* (1988) 201 Cal.App.3d 589, 594-595 [247 Cal.Rptr. 478].)

Attempted sexual battery requires (1) an intent to and (2) a direct but ineffectual act in an attempt to, touch an intimate part of the body (contact with the victim's skin) of a victim unlawfully restrained (by force or fear), without the victim's consent, *for the purpose of sexual arousal, sexual gratification, or sexual abuse.* (§§ 664, 243.4; *People* v. *Grant* (1992) 8 Cal.App.4th 1105 [10 Cal.Rptr.2d 828]; *People* v. *Arnold* (1992) 6 Cal.App.4th 18 [7 Cal.Rptr.2d 833].)

Assault with intent to commit forcible rape requires an intent to and an unlawful attempt to have sexual intercourse by force, violence or fear of bodily injury, without consent of the victim. (§§ 220, 261, subd. (a)(2); *People* v. *May* (1989) 213 Cal.App.3d 118, 128 [261 Cal.Rptr. 502] [assault

---

[11]Section 664 provides for punishment for "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration . . . ."

[12]Section 243.4, subdivision (a), provides in part: "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery. . . ."

[13]Section 220 provides: "Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288 or 289 is punishable by imprisonment in the state prison for two, four, or six years."

[14]Section 261, subdivision (a)(2), provides: "(a) Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶] (2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."

[15]*People* v. *Craig*, in the course of finding sufficient evidence to support a conviction of assault with intent to commit rape, rejected the defendant's argument that evidence sufficient under the sexual battery statute (§ 243.4) is necessarily insufficient for assault with intent to rape (§ 220). (25 Cal.App.4th at p. 1603.) The court noted in a footnote that defense counsel had informed the trial court that he was not requesting an instruction on the lesser related offense of sexual battery as a matter of tactics. (*Id.* at p. 1604, fn. 4.)

with intent to rape requires intent to rape].) The only intent required for the crime of rape itself is the intent to do the proscribed act. (*People* v. *Osband* (1996) 13 Cal.4th 622, 685 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *People* v. *Hood* (1969) 1 Cal.3d 444, 456-457 [82 Cal.Rptr. 618, 462 P.2d 370].)

Thus, assault with intent to commit forcible rape may be committed without necessarily committing attempted sexual battery, because the latter requires a finding that the defendant had the purpose of "sexual arousal, sexual gratification, or sexual abuse," where the former does not require any such finding. We thus find guidance in *People* v. *Pearson* (1986) 42 Cal.3d 351 [228 Cal.Rptr. 509, 721 P.2d 595], which said: "Defendant argues that 'it is inconceivable that a person can engage in sodomy on a child without at the same time committing a lewd and lascivious act on that child.' Although this may be accurate in a moral sense, it is not true that every such act is committed with the [statutory] intent required in section 288. For example, an act of sodomy can be committed for wholly sadistic purposes, or by an individual who lacks the capacity to form the required [statutory] intent." (*Id.* at p. 356.) Here, an assault with intent to commit rape may be committed without a finding that the defendant harbored the purpose required by the sexual battery statute.

Defendant asserts an assault is a necessarily included offense of both assault with intent to rape and sexual battery. Defendant concludes the issue, therefore, is whether an intent to rape by force necessarily includes the mens rea element of attempted sexual battery, i.e., an assault "for the purpose of sexual arousal, sexual gratification, or sexual abuse," under section 243.4, subdivision (a). According to defendant, rape cannot be committed without "sexual abuse" (which assertedly makes it a sexual battery), because by definition rape is an act of sexual intercourse, and section 263 provides "[t]he essential guilt of rape consists in the outrage to the person and feelings of the victim of the rape." By definition, argues defendant, a person who has the intent to commit forcible rape also has the intent for sexual abuse, hence a person cannot commit an assault with intent to commit forcible rape without also committing attempted sexual battery.

However, a defendant has the intent to commit forcible rape if he merely intends to accomplish the sexual intercourse. A finding that the defendant has the purpose to abuse the victim is not required for the crime of assault with intent to commit rape. While the law may view nonconsensual sexual intercourse as sexual abuse (which we shall assume in defendant's favor), the crime of assault with intent to commit forcible rape does not require a finding that the defendant had this purpose. Indeed, in connection with a

different argument on appeal claiming insufficiency of the evidence, defendant asserts "rape . . . may constitute only a form of violence unrelated to achieving sexual arousal, sexual gratification, or sexual abuse."[16]

Defendant argues his position—that attempted sexual battery is a necessarily included offense of assault with intent to rape—is not inconsistent with legislative intent. He cites the following statement in *People* v. *Alford* (1991) 235 Cal.App.3d 799 [286 Cal.Rptr. 762]: "Prior to enactment of section 243.4, sexually abusive conduct could only be prosecuted as a felony if the assailant assaulted the person with the [statutory] intent to commit rape, sodomy, oral copulation, or any violation of section 264.1 (rape in concert with another), 288 (lascivious acts upon a child) or 289 (penetration of genitals or anus with foreign object). (§ 220.) Absent one of the [statutory] intents, the crime was either misdemeanor assault or misdemeanor battery. (§§ 241, 243.) The purpose of this section was to provide appropriate punishment for sexually abusive conduct which falls short of a violation of section 220 but which is nonetheless 'physically traumatic and psychologically terrifying.' (Sen. Republican Caucus Bill Dig., Assem. Bill No. 2721 (Aug. 12, 1982).) Accordingly, the statute allows for felony prosecution when a touching occurs while the person is unlawfully restrained and against the person's will and is committed for a sexual purpose." (*Id.* at p. 803 [although female inmates were lawfully restrained for transport, the restraints were unlawful as employed by correctional officer to enable him to commit sexual batteries].) Defendant argues that, by enacting section 243.4 to include conduct which falls short of a section 220 (assault with intent to rape) violation, the Legislature did not necessarily declare that sexual battery or attempted sexual battery could not be a necessarily included offense in a section 220 (assault with intent to rape) offense.

However, nothing in *Alford* makes attempted sexual battery a lesser included offense of assault with intent to rape, as opposed to perhaps a lesser *related* offense.

Defendant asserts his interpretation is necessary to prevent the absurdity of inconsistent verdicts. He claims that absent a finding of attempted sexual battery being a necessarily included offense of assault with intent to rape, his conviction on both counts is inconsistent, because his conduct cannot both

[16]Defendant cites CALJIC No. 10.37's definition of sexual battery, that the intent to cause sexual abuse means "a purpose to injure, hurt, cause pain or cause discomfort. It does not mean that the perpetrator must be motivated by sexual gratification or arousal or have a lewd intent." Defendant also mentions the CALJIC Use Note indicates this definition was taken from a case involving a different statute, and the trial court should consider whether it is appropriate in a sexual battery case. Defendant develops no argument from this point, hence we need not consider it further.

meet and fall short of a violation of section 220 (assault with intent to commit rape, etc.). Defendant's point is unclear. He cites *People* v. *Alford, supra,* 235 Cal.App.3d at page 803, which, in the course of defining "unlawful restraint" in the sexual battery statute, noted the sexual battery statute (§ 243.4) was enacted to provide punishment for sexually abusive conduct that falls short of an assault with the intent to commit rape, etc., prohibited by section 220. We see nothing inconsistent in the verdicts.

We conclude the attempted sexual battery conviction need not be reversed as a lesser included offense.

V. *Section 654**

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is modified to stay the concurrent term imposed on count 3 for misdemeanor false imprisonment (§ 236), pursuant to section 654. In all other respects the judgment is affirmed. The trial court shall prepare an amended abstract of judgment, showing the section 654 stay, and shall forward a copy of the same to the Department of Corrections.

Davis, J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 25, 2000. Kennard, J., of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 935.