Filed 1/7/25  In re Z.P. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Z.P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>Z.P.,<br><br>        Defendant and Appellant. | B330620<br><br>(Los Angeles County Super. Ct. No. SJ0107A) |

APPEAL from an order of the Superior Court of Los Angeles County, David Yaroslavsky, Judge.  Reversed and remanded.

Eileen Manning-Villar, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Noah P. Hill and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

―――――――――――――

The juvenile court declared Z.P. a ward of the court based on the finding that he committed attempted sexual battery by restraint. (Pen. Code, §§ 664, 243.4, subd. (a).)[1] On appeal, Z.P. contends there is insufficient evidence to support the juvenile court's finding. The People concede that substantial evidence does not support the juvenile court finding because there is insufficient evidence of restraint. However, they request that we modify the true finding by reducing it to the lesser included offense of attempted misdemeanor sexual battery, which does not require restraint. (§ 243.4, subd. (e)(1).) Z.P. has not opposed this request.

Accordingly, pursuant to sections 1181 and 1260, we reverse the order, reduce the true finding to attempted sexual battery under section 243.4, subdivision (e)(1), and remand for a new disposition hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, the People filed a petition under Welfare and Institutions Code section 602 alleging that Z.P. committed the crimes of felony dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 1) and misdemeanor attempted sexual battery by restraint (§§ 664, 243.4, subd. (a); count 2). Z.P. denied the allegations.

A contested adjudication hearing took place in July 2023.

―――――――――――――

[1] All further undesignated statutory references are to the Penal Code.

***Prosecution Evidence – S.W.'s Testimony*[2]**

Z.P. and S.W. were students at East Valley High School in North Hollywood.  Z.P. and S.W. were acquaintances, "weren't really friends," and had never dated.  Z.P. had told S.W. she was beautiful and attractive, and at times pulled her away from her friends by her arm and hand.  S.W. did not welcome these gestures, but she did not communicate that to Z.P.  S.W., with three other girls, had also once helped Z.P. unbraid his hair.

After school on February 8, 2023, Z.P. asked S.W. if she wanted to walk with him to his locker.  S.W. agreed.  As they walked, Z.P. began flirting with her and asking her questions such as, " 'Are you a virgin?' " and " 'What have you done?,' " which S.W. understood to be asking what she had done sexually.

Z.P. then grabbed S.W.'s hand and pulled her closer so they were standing face-to-face, about one foot apart.  S.W. noticed Z.P. was becoming upset because she was not making eye contact.  Z.P. put his hand down her pants, and under the top or waistline of her underwear.  She felt skin-to-skin contact.  S.W. testified that Z.P. did not put his "hand inside" her underwear, but also that his hand went "under [her] jeans and under [her] underwear," "just under the top."  Her pants were "low waisted."  Using his index and middle finger, Z.P. pulled S.W.'s pants towards him.

S.W. backed away because she felt uncomfortable, she did not want to do anything sexual with Z.P., and they were at school.  This caused Z.P.'s hand to come out of her pants.  Z.P. then said that he liked her, asked if she liked him, indicated he

---

[2]     We omit the evidence pertaining to the dismissed count of dissuading a witness by force or threat, which is not at issue in this appeal.

did not know if she liked him because she was giving him mixed signals, and told her to ask her mom if he could take her on a date. Z.P. asked S.W. to " 'give [him] a kiss,' " but because she was afraid and did not want to, she blew him a kiss instead.

Afterwards, S.W. felt afraid and disgusted, and immediately called a friend. She was crying, and she told her friend that Z.P. had tried to, or had, sexually assaulted her and she wanted to meet up with the friend as soon as possible.

The next day, S.W. told an assistant principal and a school counselor what had happened. After that, S.W. did not return to school for two days because she felt "uncomfortable and disgusted," and she did not want to see Z.P. or talk to anyone about what happened. A few weeks later, S.W. transferred schools as a result of the incident because she did not feel safe.

### Defense Evidence - Z.P.'s Testimony

Z.P. invited S.W. to his locker because he thought that she liked him and he wanted to talk to her. She waved and smiled at him when they passed each other at school. They did not talk and were not friends, but S.W. was part of a group of girls known for doing hair and she had once helped him with his hair.

As they walked, S.W. told him that she was " 'nervous' " because she had " 'never really [done] this before,' " which he took as her saying she had "never really been with a boy." Z.P. started asking S.W. questions about what she had "done" and whether she was a virgin. He meant these questions "sexually."

When they arrived at the hallway with Z.P.'s locker, he leaned in for a kiss. No part of Z.P.'s body was touching S.W.'s body. Z.P.'s back was on a locker and S.W. was standing in front of him. At no point did his hand or any other part of him touch her. S.W. backed away and said " 'No, we're in school.

Someplace else.'" Z.P. then asked S.W. to ask her mom if he could take her on a date. Z.P. could not recall exactly what happened, but admitted he became "a little irritated." He acted out of anger because he had thought S.W. wanted him, but she did not want to be with him or be his girlfriend. He told her not to talk to him again and that he did not like her anymore. He then walked away. S.W. appeared sad and seemed upset. Throughout this interaction, Z.P. never touched S.W. and did not put his fingers inside her pants.

The juvenile court dismissed count 1 and found the allegation in count 2 true. It declared the offense a misdemeanor and Z.P. a ward of the court, and placed Z.P. on probation in his father's home.

Z.P. timely appealed.

## DISCUSSION

Z.P. contends there was insufficient evidence of restraint to support the true finding under section 243.4, subdivision (a). The People agree. They request that pursuant to section 1260, we reduce the finding on count 2 to attempted sexual battery under sections 664 and 243.4, subdivision (e)(1), which does not require restraint. In reply, Z.P. responds that he and the People "largely agree on how this appeal should be decided," and only disputes how the People's brief characterized the physical contact between Z.P. and S.W. Z.P. did not object to the People's request for modification of the juvenile court finding.

We accept the People's concession and request for modification. We agree with the parties that the evidence was insufficient to support a true finding for attempted sexual battery by restraint. Attempted sexual battery by restraint requires intent and a direct but ineffectual act in an attempt to touch "an

5

intimate part of another person while that person is unlawfully restrained by the accused or an accomplice," without the person's consent and "for the purpose of sexual arousal, sexual gratification, or sexual abuse . . . ." (§ 243.4, subd. (a).) The restraint element requires a showing that the victim's liberty was controlled by the words, acts, or authority of the perpetrator, with the intent to deprive the victim of his or her liberty, and against the victim's will. (*People v. Arnold* (1992) 6 Cal.App.4th 18, 28 (*Arnold*); accord, *People v. Perez-Robles* (2023) 95 Cal.App.5th 222, 230.) In addition, "something more is required than the mere exertion of physical effort necessary to commit the prohibited sexual act." (*People v. Pahl* (1991) 226 Cal.App.3d 1651, 1661.)

We agree with the parties that there was no substantial evidence that Z.P. unlawfully restrained S.W. The trial court found evidence of unlawful restraint based on testimony that Z.P. grabbed S.W.'s hand to pull her close. This evidence is insufficient to establish that Z.P. created a "coercive atmosphere" that "was such that [S.W.'s] liberty was being controlled by [Z.P.'s] words, acts and authority against her will and that she was unlawfully restrained." (*Arnold*, *supra*, 6 Cal.App.4th at p. 31.) Brief pulling of a hand, between two students, in a space that was neither secluded nor confined, and which did not preclude S.W. from pulling away, did not constitute unlawful restraint. (Cf. *id*., at pp. 28–29 [where student voluntarily accompanied teacher to non-school-related function, teacher pulled student close to him, grabbed her buttocks, kissed her, and then touched student's breast under her clothes before student "pushed" teacher away and said no, did not constitute unlawful restraint].)

6

However, Z.P. does not contest that substantial evidence supported a finding that he committed attempted sexual battery, a lesser included offense of attempted sexual battery by restraint. (See *People v. Robinson* (2016) 63 Cal.4th 200, 204 (*Robinson*) ["if the statutory elements of a crime include the elements of another offense, so that the first offense cannot be committed without also committing the second, the second is a 'lesser offense' that is 'necessarily included' in the first"]; *People v. King* (2010) 183 Cal.App.4th 1281, 1319 ["[m]isdemeanor sexual battery is a lesser included offense of sexual battery by restraint"]; § 243.4, subd. (e)(1) [misdemeanor sexual battery is committed by any person "who touches an intimate part of another person, if the touching is against the will of the person touched, and is for the specific purpose of sexual arousal, sexual gratification, or sexual abuse"].)

Indeed, S.W. testified that after Z.P. flirted with her and asked her about her sexual experience, he touched her, skin to skin, under the top or waistline of her underwear, such that the logical inference is that he attempted to touch an intimate part of her before she pulled away. (§ 243.4, subd. (g)(1) [definition of intimate part includes "the sexual organ" or groin of any person].) There was also evidence that Z.P.'s touch was against S.W.'s will. S.W. testified that she had been avoiding eye contact with Z.P., which upset him, and she immediately pulled away when he touched her. Z.P. also testified he tried to kiss S.W. but she backed away. Both S.W. and Z.P. testified to S.W. expressing that she did not want sexual contact at school. S.W. testified that she was uncomfortable, afraid, and disgusted by Z.P.'s touch.

Reviewing the whole record in the light most favorable to the order, as we must (*In re A.G.* (2020) 58 Cal.App.5th 647, 653),

7

and resolving conflicting inferences and credibility findings in favor of the juvenile court finding (*People v. Collins* (2021) 65 Cal.App.5th 333, 344), we likewise conclude the evidence was sufficient to support a true finding that Z.P., with intent, took a direct but ineffectual act to touch an intimate part of S.W., without her consent, for purposes of sexual arousal or gratification.

"Under section 1260, a reviewing court is not restricted to the remedies of affirming or reversing a judgment of conviction. ' "Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified, thereby obviating the necessity for a retrial. [Citations.]" ' [Citations.]" (*People v. Muszynski* (2002) 100 Cal.App.4th 672, 683.) Likewise, "[u]nder section 1181, subdivision 6, a [verdict or finding] not supported by the evidence may be modified if the record establishes the defendant's guilt of a lesser included offense." (*Robinson, supra*, 63 Cal.4th at p. 206; *People v. Hamilton* (2018) 30 Cal.App.5th 673, 685 [court is authorized to reduce a conviction to a lesser included offense].)

We therefore exercise our discretion to reduce the juvenile court's true finding to attempted misdemeanor sexual battery under sections 664 and 243.4, subdivision (e)(1).

## DISPOSITION

The order is reversed.  The true finding under Penal Code sections 664 and 243.4, subdivision (a), for attempted sexual battery with restraint, is reduced to attempted sexual battery under Penal Code sections 664 and 243.4, subdivision (e)(1).  The matter is remanded to the juvenile court to conduct a new disposition hearing.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

9